# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITIZENS BANK, N.A., successor by merger to Investors Bank, | : CIVIL ACTION :  |
| Plaintiff, | : 2:23-cv-03748 : |
| v. | : : |
| USRE 257 LLC, | : : |
| Defendant. | : : |

## PLAINTIFF, CITIZENS BANK N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) REMANDING CASE TO THE PHILADELPHIA COURT OF COMMON PLEAS AND (II) AWARDING ATTORNEYS' FEES AND COSTS

Plaintiff, Citizens Bank, N.A., successor by merger to Investors Bank ("**Citizens**" or "**Bank**"), by its undersigned counsel Stradley Ronon Stevens & Young, LLP, submits this Memorandum of Law in Support of its Emergency Motion for Entry of an Order (I) Remanding Case to the Philadelphia Court of Common Pleas and (II) Awarding Attorneys' Fees and Costs. This matter was removed by Defendant despite the fact that the Defendant had no legal basis to do so and in order to forestall a pending hearing on Plaintiff's emergency motion to appoint a receiver (the "**Receivership Petition**") filed in the State Court because the Defendant's real property, collateral for the Defendant's indebtedness to Citizens, presently poses an imminent risk of serious harm to the public and is suffering deterioration.

## I.   INTRODUCTION

This matter involves a loan made by Citizens to Defendant and secured by, *inter alia*, a mortgage on Defendant's real property and improvements thereon known as 257 South 16 Street, Philadelphia, PA, OPA No. 881031500 (the "**Mortgaged Property**"). The Defendant defaulted

on the loan in numerous ways and Citizens initiated this matter by confessing judgment against Defendant and thereafter filed the Receivership Petition requesting the emergency appointment of a receiver over the Mortgaged Property because Defendant abandoned the property. The property is unsecured and presents an imminent risk of harm not only to the property itself, but also to adjacent properties, neighbors, pedestrians and certain third-party uninvited trespassers who have been accessing and vandalizing the Mortgaged Property and adjacent properties as a result of the condition of the Mortgaged Property.

After being served with the confession of judgment complaint and the Receivership Motion and immediately preceding an emergency hearing scheduled by the state court, Defendant filed the Notice of Removal [Dkt. No. 1] with no grounds for removal because, *inter alia*, Defendant is a citizen of Pennsylvania, the forum state and the case involves a confessed judgment rather than a pending complaint. As explained further herein, the removal was baseless and plainly intended to delay the appointment of a receiver. Accordingly, this matter must be remanded, and the Court should award Citizens its fees and costs incurred as a result of the removal.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.     The Parties

Citizens, successor by merger to Investors Bank, is a national banking association, chartered by the Comptroller of the Currency of the United States Treasury, with its main office, as specified in its articles of association, in Providence, Rhode Island. Accordingly, Citizens is a citizen of Rhode Island for the purposes of diversity jurisdiction.

Defendant is a Delaware limited liability company with a registered agent at c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.  As vaguely

averred in the Defendant's Notice of Removal [Dkt. No. 1], the "upstream" members of Defendant are citizens of multiple states. Upon information and belief, at least one of those members, David Daniel, resides in Pennsylvania at an address of 351 N. Highland Avenue, Merion Station, in Montgomery County, Pennsylvania and, accordingly, Defendant is a citizen of Pennsylvania for purposes of diversity jurisdiction.

### B. The Loan to Defendant

To fund certain improvements to the Mortgaged Property, on November 30, 2020, Citizens extended to Defendant a construction and permanent mortgage loan in the maximum principal amount of Fourteen Million and 00/100 Dollars ($14,000,000) (the "**Loan**"). The obligations of Defendant to Citizens for the Loan are evidenced by, among other things, (a) that certain Loan Agreement between Defendant and Lender dated November 30, 2020 (as amended, modified, supplemented and/or restated from time to time, the "**Loan Agreement**"), and (b) that certain Mortgage Loan Note by Defendant to Citizens, dated November 30, 2020, in the maximum principal amount of $14,000,000.00 (as amended, modified, supplemented and/or restated from time to time, the "**Note**").

The obligations of Defendant to Citizens under the Note and Loan Agreement are secured by, *inter alia*, that certain Open End Mortgage, Assignment of Leases and Rents and Security Agreement and Fixture Filing by Defendant to Citizens, dated November 30, 2020 (as amended, modified, supplemented and/or restated from time to time, the, "**Mortgage**"), granting to Citizens a first priority lien and security interest in the Mortgaged Property, and (ii) the fixtures, chattels, accounts, equipment, inventory, contract rights, general intangibles and other personal property included within the Mortgaged Property. The Loan Agreement, Note, Mortgage, Guaranties and all other documents executed in connection with or otherwise evidencing the Loan shall be referred to herein as the "**Loan Documents**." Copies of the relevant Loan

Document are attached to the confession of judgment complaint and the Receivership Petition, attached as exhibits hereto.

### C. The Defaults

Pursuant to the Loan Agreement, Defendant was required, but failed, to complete construction of the improvements at the Mortgaged Property within the timeframe provided for in the Loan Documents. Construction activity at the Mortgaged Property ceased nearly a year ago without completion of the improvements. As set forth in further detail below, Defendant abandoned the Mortgage Property, leaving it unsecured and resulting in a danger to the public.

Defaults and Events of Default (the "**Events of Default**") have occurred under the Loan Documents and notices of default were sent to Defendant as a result of, among other things, the following:

  a. Failure to pay the outstanding indebtedness under the Loan in full on or prior to the maturity date;

  b. Mechanic's liens on the Mortgaged Property, which are in excess of $650,000;

  c. Violation of certain law in connection with the operation and maintenance of the Mortgaged Property; and

  d. Construction on the Mortgaged Property has been suspended for more than 90 days and has not proceeded in a timely manner with due diligence;

  e. Defendant's failure to pay the Philadelphia City Center District assessments, resulting in liens filed against the Mortgaged;

  f. Defendant allowed the insurance on the Mortgaged Property to lapse, which resulted in the Bank purchasing force-place insurance.

**D. The Confessed Judgment and Emergency Petition to Appoint a Receiver**

Defendant failed to repay the Loan or cure the other Events of Default, and on September 19, 2023, Citizens confessed judgment against the Defendant in the amount of $12,455,556.90, plus continuing interest and costs, in the Philadelphia Court of Common Pleas at Case ID 230901940 (the "**Confessed Judgment**"). A copy of the confession of judgment complaint and all related filings are attached hereto as **Exhibit A**. The confession of judgment papers were personally served upon Defendant's registered agent in Delaware on September 21, 2023, in accordance with Pa. R. Civ. P. 403 and 404. A copy of the Affidavit of Service is attached hereto as **Exhibit B**. To date, the Defendant has not filed a petition to open or strike the Confessed Judgment and the Confessed Judgment remains in full force and effect and is a valid, final judgment.

Citizens discovered that the Mortgaged Property was not properly secured against vandals and weather conditions and the Defendant failed to heed Citizen's request that Defendant secure the property.  On September 21, 2023, Citizens filed the Receivership Petition, requesting the appointment of a receiver over the Mortgaged Property on an emergency basis. The Receivership Motion, including exhibits, is attached hereto as **Exhibit C**. As set forth in further detail in the Receivership Petition, Citizens is seeking the appointment of a receiver on an expedited, emergency basis because the present condition of the Mortgaged Property presents an imminent and serious risk of harm not only to the Mortgaged Property, which is Citizens' collateral, but to adjacent properties, neighbors, pedestrians and third-party trespassers who have been accessing and vandalizing the Mortgaged Property.

As noted above, the managing members of Defendant never completed the improvements at the Mortgaged Property and the equity members of Defendant have refused to contribute and further funds for that purpose. The Mortgaged Property is a seventeen-story building in Center

City, Philadelphia. Defendant has refused to implement sufficient security and safety measures that are necessary to secure the property against vandals, and the property itself is unsafe, containing flammable materials, substantial amounts of construction debris, a damaged roof, and holes in the floor that open to a ten-foot drop into the basement. Neighbors have repeatedly complained to both Citizens and the Defendant about the condition of the property and trespassers using the Mortgaged Property to access adjacent properties and vandalize them.

Although the Defendant boarded up some windows on the property on September 27, 2023, the day before the hearing on the Receiver Petition, the Mortgage Property remains vulnerable to vandals and destruction do to open windows and unsecured doors, the failure of any working fire suppression equipment on the property and the failure to take other measures typically implemented to "moth ball" a property.  The building is unsafe, with demolition materials littered throughout and incomplete floors. The lack of an operable fire suppression system creates a serious risk of fire that could be destructive not only to the Mortgaged Property itself, but also adjacent properties. The building contains copper wiring and other valuable materials that comprise an attractive nuisance to thieves. In addition, the condition of the roof of the building has deteriorated and is unsafe for anyone to climb on and which permits the intrusion of moisture into the interior of the building.

There are signs of illegal, unauthorized entry into the Mortgaged Property by uninvited individuals who are exposed to harm given the condition of the property. Among other things, there is graffiti throughout the building, not only on the interior but also on exterior portions of the building on upper stories that under no circumstances could have been safely applied by the uninvited vandals accessing the property.  In addition to graffiti, there is trash and human waste throughout the Mortgaged Property. Citizens received a video taken by a neighbor of the

property of three young individuals accessing the Mortgaged Property around midnight on September 18, 2023.

As a result of the above-described conditions and the imminent risk of harm not only to Citizens' collateral but to neighboring properties, neighbors, pedestrians, and the uninvited third parties accessing the property, Citizens filed the Receivership Petition on an emergency basis the exercise of its contractual remedy in the Loan Agreement. The Defendant agreed that Citizens is expressly entitled to the *ex parte* appointment of a receiver upon an Event of Default under the Loan Documents.

The State Court originally scheduled a hearing on the Receivership Petition for September 27, 2023. After Citizens filed the Emergency Petition, the Defendant took some limited steps to attempt to secure the property, including by boarding up windows along the ground floor. However, the steps taken thus far by the Defendant have been insufficient and the immediate appointment of a receiver is not only critical to the protection of the building and the public.

E. **The Notice of Removal**

Defendant has not filed a response to the Receivership Petition and, as noted above, has not filed a petition to open or strike the confessed judgment. Rather than appear at the hearing scheduled for September 27, 2023, and defend itself on the merits, on the morning of the hearing, Defendant filed the Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The removal of this matter from the State Court to this Court cannot be seen as anything more than a cynical and bad faith attempt to impose additional expense upon Citizens and delay the appointment of a receiver over the Mortgaged Property which Citizens is entitled to under the express terms of the Loan Documents.

### III. ARGUMENT

This matter must be remanded to the State Court on several grounds. Among other things, Defendant is a citizen of Pennsylvania and its registered agent was personally served with the confession of judgment complaint and the Receivership Petition prior to the filing of the Notice of Removal rendering the removal improper under 28 U.S.C. 1441(b)(2).

In addition, this matter was initiated by the filing of the Confessed Judgment which has been neither opened nor stricken. At present, the Defendant has not filed a petition to open or strike the Confessed Judgment. As such, the Confessed Judgment remains in full force and effect, is a valid, final judgment and the *Rooker-Feldman* doctrine bars its removal to this Court.

### A. As a Citizen of Pennsylvania, Defendant Is Not Permitted to Remove this Action to Federal Court.

Pursuant to 28 U.S.C. § 1441(b)(2), a suit that is "otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." For the purposes of determining diversity jurisdiction, the citizenship of an unincorporated entity such as a limited liability company, is determined by the citizenship of each of its members. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Further, where an LLC has, as one of its members, another LLC, citizenship must be traced through as many layers of members as there may be. *See Zambelli Fireworks, Mfg. Co, Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The plain meaning of the "forum defendant rule," set forth in 28 U.S.C. 1441(b)(2), precludes removal on the basis of diversity jurisdiction where a defendant residing in the forum state has been properly joined and served prior to removal. *See Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir. 2018).

Upon information and belief, at least one of Defendant's members, David Daniel, is a citizen of Montgomery County, Pennsylvania and, accordingly, Defendant is a citizen of Pennsylvania for purposes of diversity. Moreover, the confession of judgment complaint, with all related papers including a notice pursuant to Pa. R. Civ. P. 2858.1, and the Receivership Petition, were all served on Defendant's registered agent in Wilmington, Delaware in accordance with Pa. R. Civ. P. 403 and 404 prior to the filing of the Notice of Removal. *See* Ex. B.

Here, the Defendant is the only defendant in this action and is a citizen of Pennsylvania by virtue of the fact that at least one of its members, David Daniel, resides in Montgomery County, Pennsylvania. Further, prior to removal, Defendant was properly served with the complaint and the Receivership Petition by personal service upon the Defendant's registered agent in Delaware in accordance with Pa. R. Civ. P. 403 and 404. As such, Defendant is barred from removing this action to federal court and this Court must remand this matter back to the Philadelphia Court of Common Pleas.

### B. Under the *Rooker-Feldman* Doctrine, the Defendant Cannot Remove a Confessed Judgment Unless It Has Been Opened or Stricken.

In addition to being barred from removing this matter pursuant to 28 U.S.C. §§ 1441(b)(1), Defendant is prohibited from removing this matter to federal court pursuant to the *Rooker-Feldman* doctrine. *See Complete Business Solutions Group, Inc. v. Sunrooms America, Inc.*, 474 F.Supp.3d 693 (E.D. Pa. 2020); *see also Complete Business Solutions, Inc. v. Knava's Bounce House Rentals LLC*, Case No. 20-779, 2021 WL 594184, at *n.1 (E.D. Pa. Feb. 26, 2021).

In *Sunrooms America*, the plaintiff obtained a confessed judgment in state court against the defendants and the defendants removed the action to federal court on the basis of diversity jurisdiction. *Id.* at 695. Thereafter, the plaintiff filed a motion to remand and the defendants filed

9

a petition to strike or open the confessed judgment. *Id.* The plaintiff argued that remand was warranted under the *Rooker-Feldman* doctrine because a confessed judgment, unchallenged in state court prior to removal, constitutes a final adjudication over which a federal court has no jurisdiction. *Id.* As explained by the court in *Sunrooms America*, "[t]he *Rooker-Feldman* doctrine bars a federal court from entertaining 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005)).

The *Rooker-Feldman* doctrine applies where (i) the party invoking federal jurisdiction lost in state court, (ii) the party complains of injuries caused by the state court judgment, (iii) the judgment was entered before the federal action was filed, and (iv) the party seeks federal review and rejection of the state court judgment. *Id.* Although some courts have drawn a distinction between removal prior to the filing of a petition to open or strike and removal after the filing of such a petition, the court in *Sunrooms America* concluded that no basis for such a distinction exists. *Id.* at 696. The court concluded that a confessed judgment that has not actually been opened or stricken remains a final state court judgment regardless of whether or not there is a pending motion to open or strike. *Id.* ("No Pennsylvania court has held otherwise. Indeed, the Pennsylvania Rules of Civil Procedure provide that a confessed judgment is enforceable at the time it is entered."). Noting that Pa. R. Civ. P. 2959 makes clear that a judgment remains in effect even while a petition to open or strike remains pending, the court held that a confessed judgment that has not actually been opened or stricken, regardless of whether a petition to open or strike has been filed, is a final judgment that may not be removed to federal court pursuant to the *Rooker-Feldman* doctrine.

Here, the Confessed Judgment was entered against Defendant on September 19, 2023, and served on September 21, 2023. The Defendant has not filed a petition to open or strike the Confessed Judgment, let alone succeeded on such a petition. Accordingly, the state court Confessed Judgment remains a valid, binding and final judgment. As such, the *Rooker-Feldman* doctrine prohibits the Defendant from removing the action to federal court in order to challenge the validity of the judgment in federal court. Therefore, this court must remand this matter to the Philadelphia Court of Common Pleas.

### C. Citizens Is Entitled to Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1447.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts may award attorneys' fees and costs "where the removing party lacked an objectively reasonable basis for seeking removal." *League of Women Voters of Pa. v. Commonwealth of Pennsylvania*, 921 F.3d 378 (3d Cir. 2019) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). The purpose of the costs provision is to deter removals intended to prolong or delay the litigation. *See id.* The court's discretion to award fees and costs must be exercised "in light of the objectives of §1447 – to discourage the use of removals as a means of prolonging litigation and imposing costs on the plaintiff while generally allowing litigants the right of removal." *Royal Bank v. Kirkpatrick*, Case No. 11-1058, 2011 WL 4528349, at *5 (E.D. Pa. Sept. 30, 2011) (citing *Martin*, 546 U.S. at 140-141). 28 U.S.C. §1447(c) is a remedial provision intended to address abuses of the removal procedure and a court is not required to make a finding of bad faith. *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F.Supp. 366, 368 (E.D. Pa. 1995).

Here, Citizens is entitled to an award of attorneys' fees and costs incurred litigating the removal. For more than a decade, binding Third Circuit precedent has held that for diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its

11

members. *See Zambelli*, 592 F.3d at 420 ("[E]very federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship. We now join them.") (internal citations omitted). Moreover, the forum defendant rule was first enacted in 1948.

Plainly, Defendant, if anybody, possessed all of the information regarding its members and their citizenship at the time the Notice of Removal was filed and knew or should have known that Defendant is considered a citizen of Pennsylvania for diversity purposes. Moreover, after filing the Notice of Removal, Defendant's counsel contacted the State Court to advise the of the filing and Citizens' counsel responded, noting that the removal was improper for all of the reasons set forth herein. Despite being advised that the removal was improper, Defendant has stubbornly refused to acknowledge that the removal was improper and has not withdrawn the Notice of Removal. A copy of the email correspondence with the State Court is attached hereto as **Exhibit D**. Accordingly, Defendant had no objectively reasonable basis for the removal and Defendant plainly effected the removal for the sole purpose of delaying the emergency hearing on Citizens' Receivership Petition, prolonging the litigation and imposing additional cost on Citizens.

As such, the Court should award Citizens all of its attorneys' fees and costs subject to Citizens' submission of an affidavit stating the amount of fees and costs incurred as a result of the removal.

### D.  Citizens Requests Expedited Consideration of this Motion to Remand

As set forth above, Citizens has requested the appointment of a receiver based upon, *inter alia*, the dangerous condition of the Mortgaged Property and the imminent risk not only to the property itself, but to neighboring properties, neighbors, pedestrians and the uninvited third

parties accessing and vandalizing the property. Although since the filing of the Receivership Petition, the Defendant has apparently made some half-hearted attempts to secure the property, the dangerous conditions remain. The property is an abandoned seventeen-story commercial property in Center City Philadelphia that is teeming with construction materials, demolition debris and hazardous materials and which lacks any form of fire suppression system.

In sum, the current condition of the Mortgaged Property is a disaster waiting to happen. Immediate relief is required to safeguard the property and given the plain lack of any basis for the Defendant to remove this action to federal court and the obvious intent to delay Citizens' efforts to secure the property, emergency consideration of this Motion is warranted.

### IV.   CONCLUSION

For the reasons set forth above, Citizens respectfully requests that this Honorable Court schedule and expedited hearing on the Motion and enter an Order substantially in the form attached hereto (i) remanding this action to the Philadelphia Court of Common Pleas, (ii) awarding Citizens fees and costs pursuant to 28 U.S.C. §1447(c) subject to Citizens' submission of an affidavit stating the amount of fees and costs incurred by Citizens as a result of the removal, and (iii) granting such additional relief to which Citizens may be entitled or to which this Court deems just and proper.

Respectfully submitted,

**STRADLEY RONON STEVENS & YOUNG, LLP**

Dated:  September 28, 2023

By:  /s/ Daniel M. Pereira
Gretchen M. Santamour, Esq.
Pa. ID No. 41720
Julie M. Murphy, Esq.
Pa. ID No. 206265
Daniel M. Pereira, Esq.
Pa. ID No. 318674
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Tel: (215) 564-8000
Fax: (215) 564-8120

*Attorneys for Citizens Bank, N.A.*

5783802v.2