IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITIZENS BANK, N.A., successor by merger to Investors Bank, | : CIVIL ACTION |
| Plaintiff, | : 2:23-cv-03748 |
| v. | : |
| USRE 257 LLC, | : |
| Defendant. | : |

**PLAINTIFF, CITIZENS BANK N.A.'S BRIEF IN FURTHER SUPPPORT OF ITS EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) REMANDING CASE TO THE PHILADELPHIA COURT OF COMMON PLEAS AND (II) AWARDING ATTORNEYS' FEES AND COSTS**

Plaintiff, Citizens Bank, N.A., successor by merger to Investors Bank ("**Citizens**" or "**Bank**"), by its counsel, Stradley Ronon Stevens & Young, LLP, hereby submits this brief in further support of its motion for entry of an order (i) remanding this case to the Philadelphia Court of Common Pleas (the "**State Court**") and (ii) requiring Defendant USRE 257 LLC and its counsel to pay Citizens' reasonable attorneys' fees and costs as a result of the removal pursuant to 28 U.S.C. §1447(c) [Dkt. No. 3] (the "**Remand Motion**").

**I.   BACKGROUND**

As set forth in further detail in the Memorandum of Law filed in support of the Remand Motion (the "**MOL**"), which is incorporated herein by reference, this matter involves a loan made by Citizens to Defendant USRE 257 LLC ("**Defendant**") and secured by, *inter alia*, a mortgage on Defendant's real property and improvements thereon known as 257 South 16 Street, Philadelphia, PA, OPA No. 881031500 (the "**Mortgaged Property**"). The Defendant defaulted on the loan in numerous ways and on September 19, 2023, Citizens initiated this matter by

confessing judgment against Defendant and thereafter filed a petition requesting the emergency appointment of a receiver over the Mortgaged Property (the "Receivership Petition") because, *inter alia*, Defendant has effectively abandoned the property. After being served with the confession of judgment complaint and the Receivership Motion and immediately preceding an emergency hearing scheduled by the State Court, Defendant filed the Notice of Removal [Dkt. No. 1] despite having no grounds for removal because, *inter alia*, Defendant is a citizen of Pennsylvania, the forum state, and the case involves a confessed judgment rather than a pending complaint.

Accordingly, on September 28, 2023, Citizens filed the Motion requesting entry of an order remanding the case to the Philadelphia Court of Common Pleas and directing Defendant and its counsel to pay Citizens' costs and fees pursuant to 28 U.S.C. § 1447. However, on October 2, 2023, the Defendant filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.C.S. §§ 101, *et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Bankruptcy Court**"). Thereafter, Defendant filed a suggestion of bankruptcy in this Court [Dkt. No. 6] and has informally taken the position that the automatic stay imposed by Section 362 of the Bankruptcy Code prohibits this Court from considering the Remand Motion. However, the case law is clear that the automatic bankruptcy stay does not prevent a district court from considering and deciding a motion for remand. Further, although the automatic stay arguably prevents this Court from awarding Citizens its fees and costs in the absence of stay relief, this Court may retain jurisdiction over the fee request until such time that Citizens is able to obtain stay relief from the Bankruptcy Court for that purpose.

II.    ARGUMENT

   A.  **This Matter Must Be Remanded to the State Court**

As set forth in further detail in the MOL, this matter must be remanded to the State Court on several grounds. Defendant is a citizen of Pennsylvania and its registered agent was personally served with the confession of judgment complaint and the Receivership Petition prior to the filing of the Notice of Removal rendering the removal improper under 28 U.S.C. 1441(b)(2). In addition, this matter was initiated by the filing of the confessed judgment which has been neither opened nor stricken. As such, the confessed judgment remains in full force and effect, is a valid, final judgment and the *Rooker-Feldman* doctrine bars its removal to this Court.

      i.    **As a Citizen of Pennsylvania, Defendant Is Not Permitted to Remove this Action to Federal Court.**

Pursuant to 28 U.S.C. § 1441(b)(2), a suit that is "otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." For the purposes of determining diversity jurisdiction, the citizenship of an unincorporated entity such as a limited liability company, is determined by the citizenship of each of its members. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

Upon information and belief, at least one of Defendant's members, David Daniel, is a citizen of Montgomery County, Pennsylvania and, accordingly, Defendant is a citizen of Pennsylvania for purposes of diversity. Moreover, the confession of judgment complaint, with all related papers including a notice pursuant to Pa. R. Civ. P. 2858.1, and the Receivership Petition, were all served on Defendant's registered agent in Wilmington, Delaware in accordance with Pa. R. Civ. P. 403 and 404 prior to the filing of the Notice of Removal. As such, Defendant is barred

from removing this action to federal court and this Court must remand this matter back to the Philadelphia Court of Common Pleas.

### ii. Under the *Rooker-Feldman* Doctrine, the Defendant Cannot Remove a Confessed Judgment Unless It Has Been Opened or Stricken.

In addition to being barred from removing this matter pursuant to 28 U.S.C. §§ 1441(b)(1), Defendant is prohibited from removing this matter to federal court pursuant to the *Rooker-Feldman* doctrine. *See Complete Business Solutions Group, Inc. v. Sunrooms America, Inc.*, 474 F.Supp.3d 693 (E.D. Pa. 2020); *see also Complete Business Solutions, Inc. v. Knava's Bounce House Rentals LLC*, Case No. 20-779, 2021 WL 594184, at *n.1 (E.D. Pa. Feb. 26, 2021). As explained by the court in *Sunrooms America*, "[t]he *Rooker-Feldman* doctrine bars a federal court from entertaining 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005)). Noting that Pa. R. Civ. P. 2959 makes clear that a judgment remains in effect even while a petition to open or strike remains pending, the court held that a confessed judgment that has not actually been opened or stricken, regardless of whether a petition to open or strike has been filed, is a final judgment that may not be removed to federal court pursuant to the *Rooker-Feldman* doctrine.

Here, the confessed judgment was entered against Defendant on September 19, 2023, and served on September 21, 2023. The Defendant has not filed a petition to open or strike the confessed judgment, let alone succeeded on such a petition. Accordingly, the state court confessed judgment remains a valid, binding and final judgment. As such, the *Rooker-Feldman*

doctrine prohibits the Defendant from removing the action to federal court and this matter must be remanded to the State Court.

### B. The Automatic Stay Does Not Prevent This Court from Remanding this Matter to the State Court

Notwithstanding the Defendant's bankruptcy filing and imposition of the automatic stay pursuant to Section 362 of the Bankruptcy Code, this Court may adjudicate the Remand Motion. As an initial matter, this Court has concurrent jurisdiction with the Bankruptcy Court to determine the applicability of the bankruptcy stay to the Remand Motion. *See Sargeant v. Hess Corp.*, Case No. 2022-0012, 2023 WL 2665717, at *2 (D.V.I. Mar. 28, 2023) (citing *Solis v. Makozy*, Case No. 09-1265, 2012 WL 1458232, at *3 (W.D. Pa. Apr. 27, 2012)).

Section 362 of the Bankruptcy Code operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under [the Bankruptcy Code." 11 U.S.C. § 362(a). The purpose is to give the debtor breathing room from efforts by its creditors to collect on pre-bankruptcy debts and to protect creditors by preventing some creditors from acting unilaterally to pursue their claims to the detriment of other creditors. *Sargeant*, 2023 WL 2665717, at *2.

"Courts in the Third Circuit and other jurisdictions have been virtually unanimous in finding that an automatic bankruptcy stay does not prevent remand of an improperly removed action because remand is not a prohibited 'continuation' of the action under Section 362." *Id.* (citing cases). "[W]here the district court lacks jurisdiction over the action filed before it the court is not without power to remand the action and the stay does not deprive it of that power." *Evans v. Anderson*, No. C 09-5227, 2010 WL 118398, at *1 (N.D. Cal. Jan. 7, 2010).

5

In "remanding the lawsuit to state court, a district court expresses no opinion regarding the merits of the plaintiff's claim. Instead, the district court merely determines that the appropriate forum for litigating the merits of the plaintiff's claim is a state court of general jurisdiction." *Schaffer v. Atl. Broad. Of Lindwood NJ Liab. Co.*, Civil No. 10-5449, 2011 WL 1884734, at *3 (D.N.J. May 17, 2011). "The Court's decision to remand [an] action to state court is essentially a lateral move to address a procedural issue, and it does not continue the case in any significant matter." *Price v. Chrysler LLC*, No. 09CV00232, 2009 WL 2208298, at *1 (E.D. Mo. July 23, 2009). Moreover, a Court's addressing the issue of remand does not affect a debtor's financial status or any creditor's standing in the bankruptcy proceeding which the automatic stay is intended to protect. *Sargeant*, 2023 WL 266571 at *3. In sum, addressing the jurisdictional issue of remand "does not jeopardize or infringe on either of the debtors' 'breathing space' or threaten to deplete the estate against the interests of other creditors." *See also Anderton v. 3M Company*, CA No. 18-14949, at *1, n.1 (D.N.J. May 7, 2019); *Schaffer*, 2011 WL 1884734, at *4; *Evans*, 2010 WL 118398, at *1; *Sanders v. Farina*, 67 F.Supp.3d 727, 730 (E.D. Va. 2014). As the court in *Sanders* explained, a remand pursuant to 28 U.S.C. § 1441 simply does not constitute a "commencement or continuation" of an action in violation of the automatic stay. 67 F.Supp.3d at 729.

Accordingly, as nearly every court to consider the issue has held, the automatic stay imposed by the Defendant's bankruptcy filing does not impact or impede this Court's ability to remand the action back to the State Court because such a remand would not constitute a commencement or continuation of an action and would not implicate the dual purposes of the automatic stay of providing breathing room to the debtor or ensuring fairness among creditors. Therefore, Citizens respectfully requests that this Court promptly remand this action to the State Court for the reasons stated above.

5783802v.2

### C. Although this Court Must Remand this Action to the State Court, It May Retain Jurisdiction to Determine Citizens' Entitlement to Fees and Costs

As set forth in further detail in the Remand Motion, pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts may award attorneys' fees and costs "where the removing party lacked an objectively reasonable basis for seeking removal." *League of Women Voters of Pa. v. Commonwealth of Pennsylvania*, 921 F.3d 378 (3d Cir. 2019) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).

Here, Citizens is entitled to costs and fees because Defendant had no objectively reasonable basis to remove this action in the first place. Defendant knew that it was a citizen of Pennsylvania for the purposes of diversity jurisdiction and accordingly, knew or should have known that removal was improper. For more than a decade, binding Third Circuit precedent has held that for diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *See Zambelli*, 592 F.3d at 420 ("[E]very federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship. We now join them.") (internal citations omitted). Moreover, the forum defendant rule was first enacted in 1948.

Nevertheless, the automatic stay imposed by the Defendant's bankruptcy filing extends to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Accordingly, although the automatic stay does not limit this Court's ability to remand this action to the State Court, it arguably does prevent this Court from awarding a money judgment for fees and costs in the absence of Citizens' first obtaining stay relief from the Bankruptcy Court.

However, "[e]ven after remand, the Court retains jurisdiction to award attorney's fees and costs." *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 62 (S.D.N.Y. 2011). As the U.S. Supreme Court has explained, "[D]istrict courts may award costs after an action is dismissed for want of jurisdiction . . . . [E]ven years after the entry of a judgment on the merits a federal court could consider an award of counsel fees." *Cooter & Gell v. Hartmarx Corp.*, 486 U.S. 384, 395-96, 110 S. Ct. 2447, 110 L.Ed.2d 359 (1990).

In *Mints v. Educational Testing Service*, 99 F.3d 1253 (3d Cir. 1996), the district court remanded an action to state court where the plaintiff's claims did not trigger federal jurisdiction. Months later, the plaintiff moved for an award of attorney's fees and costs to compensate him for the costs of moving to remand the action to state court. *Id.* at 1256. The removing defendant raised a number of procedural and substantive arguments in opposition to the request for fees and costs. *Id.* at 1257. Among other things, the defendant argued that the district court lost jurisdiction when it issued the order remanding the case back to state court. *Id.* The Third Circuit rejected the defendant's arguments and held that a district court may retain jurisdiction to award attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) even months after the order for remand is entered. *Id.* The Third Circuit reasoned that the district court's entertaining a post-remand application for fees and costs does not in any way interfere with the proceedings in the state court. *Id.*

Here, the imposition of the automatic stay under Section 362 of the Bankruptcy Code arguably prevents this Court from entering an award for attorneys' fees and costs at this time because such an award may constitute an effort to exercise control over funds belonging to the Defendant's bankruptcy estate. Nonetheless, for all of the reasons stated in the Remand Motion and herein, Citizens submits that it is entitled to an award of attorneys' fees and costs in light of the fact that well-settled law makes it clear that Defendant had no objectively reasonable basis to

remove the case to this Court in the first place. Accordingly, Citizens respectfully requests that this Court immediately remand this action to the State Court but retain jurisdiction for the sole purpose of awarding Citizens its attorneys' fees and costs if and when Citizens obtains an Order from the Bankruptcy Court providing Citizens relief from the stay for that purpose.

### III.   CONCLUSION

For the reasons set forth above, Citizens respectfully requests that this Honorable Court (i) enter an Order remanding this action to the Philadelphia Court of Common Pleas, and (ii) retain jurisdiction over Citizens' request for payment of attorneys' fees and costs until such time that Citizens is able to obtain stay relief for that purpose.

Dated: October 5, 2023

/s/ Daniel M. Pereira
Gretchen M. Santamour, Esq.
Julie M. Murphy, Esq.
Daniel M. Pereira, Esq.
Stradley Ronon Stevens & Young LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
(215) 564-8000
gsantamour@stradley.com
jmmurphy@stradley.com
dpereira@stradley.com

*Attorneys for Plaintiff, Citizens Bank, N.A.*