IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CITIZENS BANK, N.A.,** *Successor by merger to Investors Bank*, One Citizens Plaza Providence, RI 02903<br><br>     *Plaintiff,*<br>v.<br><br>**USRE 257, LLC** 45 City Avenue, Suite 3838 Bala Cynwyd, PA 19004<br><br>     *Defendant.* | No. 2:23-cv-03748-GEKP |

**RESPONSE TO EMERGENCY MOTION TO REMAND**

*Date of Hearing – Friday, October 6, 2023, at 1:45 PM*

**I. INTRODUCTION**

Defendant USRE 257, LLC (the "Defendant" or "Debtor in Bankruptcy"), files the following Response to Plaintiff's Emergency Motion to Remand [Dkt. No. 3] in advance of the Court's hearing scheduled for Friday, October 6, 2023, at 1:45 PM. **Defendant has consented and stipulated to remand of this action.** [See Dkt. No. 11.] As the Court is aware, on the evening of September 29, 2023, Defendant filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania and was assigned bankruptcy case number Ch-11 23-12967 (AMC). As a result, Defendant has elected not to fight the remand of the action to the Court of Common Pleas of Philadelphia to attempt to avoid the cost and expense associated with litigating remand.

Defendant would not stipulate to the entry of attorneys' fees or costs as sought by the Bank. Defendant was willing to leave the issue of fees and costs "open" pending the determination of its bankruptcy case (which, if a discharge was granted, might eliminate the claim for attorneys' fees).

The Court has inquired: "the Court urges the submission of authority in support of the proposition that it may 'remand this action to the Philadelphia Court of Common Pleas but otherwise . . . retain jurisdiction with respect to Citizens' request for fees and costs.'" Defendant simply agreed to the term requested by the Bank.

## II.     ARGUMENT

Defendant is currently within protection of Section 362(a) of the Bankruptcy Code, which provides that the filing of a bankruptcy petition "operates as a stay of" (1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ..." 11 U.S.C. § 362(a)(1) (emphasis added).

The case of *Sargeant v. Hess Corp.*, 2023 U.S. Dist. LEXIS 52714 (D.V.I. March 28, 2023), to which the Bank has referred the Court, while not binding authority, does state that "Courts in the Third Circuit and other jurisdictions have been virtually unanimous in finding that an automatic bankruptcy stay does not prevent remand of an improperly removed action because remand is not a prohibited "continuation" of the action under Section 362." *Id.,* at *5-6 (citations omitted). The reasoning for allowing the power to remand in face of the Bankruptcy Automatic Stay, the Court explained:

> Further, the Court finds that addressing the issue of remand <u>does not affect HONX's or Cosmogony's financial status or assets</u>, nor does it affect any creditor's standing in the bankruptcy proceeding — all of which the automatic stay is designed to protect. *See Schaffer*, 2011 U.S. Dist. LEXIS

> 53255, 2011 WL 1884734, at *4 (remand would not further the collection efforts of debtor's creditors, or otherwise encourage creditors to harass debtor during the pendency of the bankruptcy proceedings). Because remand is a procedural issue rather than an adjudication on the merits, it <u>does not place HONX or Cosmogony "in [a] better or worse position, legally or financially, than the position it occupied at the time of removal."</u> *Hudgens v. Deer Valley Home Builders, Inc.*, Civil Action No. 09- 00417, 2009 U.S. Dist. LEXIS 80720, 2009 WL 2878052, at *2 (W.D. La. Sept. 4, 2009) (remanding lawsuit subject to automatic stay provision to state court). <u>Essentially, the Court finds that addressing the jurisdictional question does not jeopardize or infringe on either of the debtors' "breathing space" or threaten to deplete the estate against the interests of other creditors.</u> *See Anderton*, 2019 U.S. Dist. LEXIS 77143, 2019 WL 2009788, at *1 (citing *Sanders v. Farina*, 67 F.Supp. 3d 727, 730 (E.D. Va. 2014)). Thus, the Court finds that it may adjudicate the remand issue without violating the automatic stay triggered by the bankruptcy proceedings. See, e.g., *McNamara*, 2022 U.S. Dist. LEXIS 223220, 2022 WL 17584009, at *5-6; *Boyce*, (Dkt. No. 18 at 2) (D.V.I. Sept. 20, 2022).

2023 U.S. Dist. LEXIS 52714, at *5-6 (emphasis added).

Following the qualification from the *Sargeant* court's opinion, unlike remand, an award of fees of costs would absolutely put Defendant in a "…. worse position, legally or financially, than the position it occupied at the time of removal" and would "jeopardize or infringe on either of the debtors' 'breathing space' or threaten to deplete the estate against the interests of other creditors." Defendant's position is that the Court cannot award fees or costs against Defendant or conduct proceedings in connection with the award of fees or costs due to the automatic stay.

Further, from a practical prospective, the Bank already has a contractual right to assess attorneys' fees and expenses as part of its Loan Documents and its underlying confessed judgment and has *already assessed over $1.6M as a placeholder for these fees*. [*See* Dkt. No. 1-1 at pg. 4 of 158, n. 1 (assessing placeholder fees); Dkt. No. 1-1 at pp. 86-87 of 158 (language providing for attorneys' fees and costs).] Accordingly, there is no reason that this Court should leave the "case open" to award the same attorneys' fees that the Bank can claim under the Loan

Documents, should the bankruptcy court determined that the Bank's attorneys' fees and expenses in connection with the remand are recoverable.

### III. CONCLUSION

For these reasons, Defendant respectfully requests that the Court remand the case to the state court and close this matter.

**SILVERANG, ROSENZWEIG & HALTZMAN, LLC**

By:   /s/ Malcolm S. Gould
Mark S. Haltzman, Esquire
Malcolm S. Gould, Esquire
Attorney ID Nos. 38957/80254
900 E. 8th Avenue, Suite 300
King of Prussia, PA  19406
610-263-0115
mhaltzman@sanddlawyers.com
mgould@sanddlawyers.com
*Attorneys for Defendant/Debtor*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CITIZENS BANK, N.A.,** *Successor by merger to Investors Bank*, One Citizens Plaza Providence, RI 02903 *Plaintiff,* v. **USRE 257, LLC** 45 City Avenue, Suite 3838 Bala Cynwyd, PA 19004 *Defendant.* | No. 2:23-cv-03748-GEKP |

### CERTIFICATE OF SERVICE

I, Malcolm S. Gould, Esquire, hereby certify that on October 5, 2023, I caused a true and correct copy of the foregoing *Response to Emergency Motion to Remand* to be served upon the following via the Court's Electronic Filing System (ECF):

Gretchen M. Santamour, Esquire
Julie M. Murphy, Esquire
Daniel M. Pereira, Esquire
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
*Attorneys for Plaintiff*

SILVERANG, ROSENZWEIG
& HALTZMAN, LLC

By:   /s/ Malcolm S. Gould
Mark S. Haltzman, Esquire
Malcolm S. Gould, Esquire
PA Atty. ID No. 38957/80254
*Attorneys for Defendant*