# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CITIZENS BANK, N.A.,** *Plaintiff* | : : : | **CIVIL ACTION** |
| v. | : : | |
| **USRE 257, LLC,** *Defendant* | : : : | **NO. 23-3748** |

## ORDER

AND NOW, this 13th day of October 2023, having considered the Emergency Motion to Remand to State Court and for Attorneys' Fees and Costs (Doc. No. 3), the letter submitted to the Court on October 5, 2023 (Doc. No. 11), Plaintiff's Memorandum in Further Support (Doc. No. 12), Defendant's Response to the Motion to Remand (Doc. No. 13), and the arguments articulated during the Motion Hearing on October 10, 2023, it is hereby **ORDERED** that the Motion (Doc. No. 3) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Effective upon the entry of this Order, the case is **REMANDED** in its entirety to the Philadelphia Court of Common Pleas.[1]

---

[1] USRE 257 filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 29, 2023. *See* Suggestion of Bankruptcy (Doc. No. 6). This brought USRE 257 within the protection of Section 362(a) of the Bankruptcy Code, which provides that filing such a petition "operates as a stay, applicable to all entities, of … the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). This stay provision does not prevent the Court from remanding this action because a remand simply determines the appropriate forum for litigating a claim; it does not constitute a prohibited "continuation of the action." *See Sargeant v. Hess Corporation*, No. 2022-00012, 2023 WL 2665717, at *2 (D.V.I. Mar. 28, 2023) (citing *Schaffer v. Atlantic Broadcasting of Lindwood NJ Ltd. Liab. Co.*, No. 10-5449, 2011 WL 1884734, at *4 (D.N.J. May 17, 2011)).

1

2. The request to award Citizens Bank reasonable attorneys' fees and costs incurred as a result of the removal is **DENIED**.[2]

BY THE COURT:

*[signature]*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] Citizens Bank initially asked the Court to remand the case and simultaneously award attorneys' fees and costs. *See* Mem. In Support of Emergency Mot. to Remand (Doc. No. 3-1), at 11-12. After USRE 257 filed for Chapter 11 bankruptcy, Citizens Bank acknowledged in a letter to the Court that "the automatic stay imposed by 11 U.S.C. § 362 may prevent this Court from considering or ruling upon the issue of ... fees and costs at this time." Letter (Doc. No. 11), at 1. The parties proposed that the Court "remand this action ... but otherwise preserve all of the parties' rights and interests and that [the Court] retain jurisdiction with respect to Citizens' request for fees and costs ... so that it may be decided at such time that the automatic stay is lifted or the bankruptcy matter is otherwise resolved." *Id.* None of the cases cited by the parties supports the proposition that the Court may retain jurisdiction over the fees issue where, as here, the party from whom fees are sought is under the protection of 11 U.S.C. § 362. In fact, since a fees award would directly impact the parties' financial assets, it is precisely the type of request that § 362 is designed to forestall. *See Sargeant*, 2023 WL 2665717, at *2-3 (explaining that remand in that case did *not* impact the defendants' financial assets, which § 362 is designed to protect). Because § 362 is meant to furnish USRE 257 with "a breathing spell" from creditors' efforts to unilaterally obtain payment, *id.* at *2 (quoting *Schaffer*, 2011 WL 1884734, at *3), it prevents this Court from retaining jurisdiction over Citizens Bank's effort to obtain payment of attorneys' fees.